**Amevi AFADAGNON, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, United States Citizenship and Immigration Services, and Agents, Respondents.**

No. 05–5009–ag.

United States Court of Appeals, Second Circuit.

May 25, 2007.

---

Maggy T. Duteau, New York, NY, for Petitioner.

Daryl F. Bloom, Assistant United States Attorney for Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Harrisburg, PA, for Respondents.

Present: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Amevi Afadagnon ("Afadagnon"), a citizen of Togo, seeks review of an August 17, 2005 order of the BIA, affirming the March 10, 2004 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, with-

holding of removal and relief under the Convention Against Torture ("CAT"). *In re Afadagnon,* No. A96 427 851 (B.I.A. Aug. 17, 2005), *aff'g,* No. A96 427 851 (Immig. Ct. Jamaica, N.Y. Mar. 10, 2004). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

■ Our jurisdiction to review a decision by an IJ denying an asylum application as untimely is limited to questions of law and constitutional claims. 8 U.S.C. § 1158(a)(3); *id.* § 1252(a)(2)(D). Afadagnon's argument that the IJ misapplied the extraordinary circumstances standard in pretermitting his asylum claim does not raise either claim and we lack jurisdiction to review the IJ's decision. Similarly, this Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally and without an opinion. 8 C.F.R. § 1003.1(e)(4); *Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006). We therefore dismiss the petition for review with respect to these claims.

We do have jurisdiction to review the denial of Afadagnon's withholding of removal and CAT claims. When, as here, the BIA summarily affirms the decision of an IJ without issuing an opinion, this Court reviews that IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, while the reasoning of the IJ was flawed in several respects, we do not remand because we can confidently predict that on remand the IJ would still find Afadagnon's testimony to be incredible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

■ The IJ's finding that it was unlikely that Yawo Nicodeme Habia ("Habia"), a leader of the United Forces for Change ("UFC") party in Togo, would have recruited Afadagnon into the UFC "without at least trying to get his friendship first," was impermissibly speculative as the IJ had no basis to know how the UFC was structured or how new members were recruited. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (stating that an adverse credibility finding may not be based on speculation). The record makes clear that the UFC is an open political party and it is not implausible that the relationship between Habia and Afadagnon, while close politically, would not be close personally. This view is reinforced by Habia's affidavit, in which he testified that he rarely interacted with Afadagnon directly because it was too dangerous.

■ The IJ also noted the lack of corroboration of the events that took place while Afadagnon was in Togo, particularly those incidents where he was chased by security forces. In order to deny eligibility to a petitioner based on a lack of corroboration, the IJ must first identify the particular missing pieces of evidence and then show that the documentation at issue was reasonably available to the petitioner. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). The IJ failed to take these steps; thus, this ground for his adverse credibility finding was flawed.

Despite these concerns, the IJ's adverse credibility finding was supported by substantial evidence. The IJ properly noted significant discrepancies between Afadagnon's party membership card and his testimony at the hearing. The IJ also described Afadagnon as "vague and evasive" when forced to answer certain questions. This finding seems to have been based, at least in part, on the IJ's observations of Afadagnon during the hearing. "[T]he IJ's opportunity to judge demeanor causes us to grant particular deference to credibility findings based on demeanor." *Karaj v. Gonzales,* 462 F.3d 113, 116 (2d Cir.2006) (internal quotation marks omitted); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Based on the strength of this evidence we are able to confidently predict that, even without the errors we have identified, the IJ would find Afadagnon's testimony not to be credible. *See Xiao Ji Chen,* 471 F.3d at 335. We therefore deny the petition with regard to the withholding of removal and CAT claims.

We have considered all of petitioner's other arguments and find them without merit. For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part. Having completed our review, we deny as moot Afadagnon's pending motion for a stay of removal.